IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ERIK MONROE,

    Petitioner,                    No. CIV S-08-0558 MCE DAD P

    vs.

D.G. ADAMS, Warden,

    Respondent.              <u>ORDER</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 3, 2008, the undersigned ordered respondent to file a response to the petition. On June 2, 2008, respondent filed a motion to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has filed a timely opposition to the motion and respondent has filed a timely reply.

## BACKGROUND

        In 2003, a Solano County Superior Court jury convicted petitioner of first-degree residential robbery, two counts of false imprisonment by violence, and possession of a firearm by a felon. (Resp't's Mot. to Dismiss, Ex. A.) The jury found a number of sentencing enhancement allegations to be true. (<u>Id.</u>) The trial court sentenced petitioner to a term of thirty-one years and

1 four months in state prison.  (Id.)  On May 24, 2006, the California Court of Appeal for the First
2 Appellate District affirmed the judgment of conviction.  (Id., Ex. D.)  Petitioner did not file a
3 petition for review with the California Supreme Court.

4       On or about February 26, 2007, petitioner filed a petition for writ of habeas corpus
5 in the Solano County Superior Court.  (Resp't's Mot. to Dismiss, Ex. E.)  On April 13, 2007, the
6 court denied the petition on the merits.  (Id., Ex. F.)  On or about April 30, 2007, petitioner filed
7 a petition for writ of habeas corpus in the California Court of Appeal for the First Appellate
8 District.  (Id., Ex. G.)  On July 6, 2007, the Court of Appeal summarily denied the petition.  (Id.,
9 Ex. H.)  On or about July 13, 2007, petitioner filed a petition for writ of habeas corpus in the
10 California Supreme Court.  (Id., Ex. I.)  On September 25, 2007, the California Supreme Court
11 summarily denied the petition.  (Id., Ex. J.)

12       On March 10, 2008, petitioner filed the instant federal petition.

13 <center>**RESPONDENT'S MOTION TO DISMISS**</center>

14       Respondent has filed a motion to dismiss arguing that the pending petition is time-
15 barred under AEDPA.  (Resp't's Mot. to Dismiss at 1.)  Respondent argues that because
16 petitioner did not file a petition for review with the California Supreme Court, his judgment of
17 conviction became final for purposes of federal habeas review on July 3, 2006, forty days after
18 the California Court of Appeal affirmed his conviction.  Under AEDPA, respondent argues, the
19 one-year statute of limitations period for filing a federal habeas petition began to run the
20 following day, on July 4, 2006 and expired on July 3, 2007.  (Id. at 2-3.)

21       Respondent acknowledges that the proper filing of a state post-conviction
22 application challenging a judgment of conviction tolls the one-year statute of limitations.  Here,
23 respondent notes that petitioner filed his first state petition in the Solano County Superior Court
24 on February 26, 2007, almost eight months after his judgment of conviction became final.  The
25 California Supreme Court denied petitioner's final state petition on September 25, 2007.
26 Respondent argues that, because petitioner's state petitions were pending between February 26,

1  2007, and September 25, 2007, he is entitled to 211 days of statutory tolling which extended the
2  due date for the filing of a federal petition to January 30, 2008.  (Resp't's Mot. to Dismiss at 3.)
3  However, petitioner did not file his federal petition until March 12, 2008, more than a month
4  after the statute of limitations expired.  Respondent maintains that, even taking into account the
5  time during which the limitations period was tolled, the federal petition before this court was
6  untimely filed.  Accordingly, respondent concludes that petitioner's federal petition should be
7  dismissed.  (Resp't's Mot. to Dismiss at 3-4.)

**PETITIONER'S OPPOSITION**

9           In opposition to respondent's motion to dismiss, petitioner argues that prison
10 officials moved him to administrative segregation for his protection and scheduled him for
11 transfer from High Desert State Prison to CSP-Corcoran on September 11, 2007.  Petitioner
12 contends that prison officials then collected his property and packed it pending his transfer.
13 (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-3.)  During this time, petitioner argues, he did not
14 have access to any of his legal materials and could not prosecute a federal habeas action.
15 Petitioner notes that he even informed the United States District Court for the Northern District
16 of California that he would not be able to prosecute his habeas action due to his lack of legal
17 materials.  (Id. at 3-4.)

18          Petitioner contends that although he arrived at CSP-Corcoran on January 15,
19 2008, he did not receive his property including his legal materials until February 3, 2008.
20 According to petitioner, he did not have access to his legal materials for this period of eighty-two
21 days.[1]  Petitioner argues that this period should be equitably tolled because he attempted to
22 pursue his rights diligently as evidenced by the notice he sent to the U.S. District Court for the
23 Northern District of California regarding his inability to prosecute his habeas action, and his lack

---

25  [1] Plaintiff's reference to "82 days" would appear to be in error.  There were actually 145 days
26  between September 11, 2007 when his legal materials were allegedly taken from him and February
    3, 2008, when they were allegedly returned following his transfer.

3

of access to his legal materials pending his transfer was an external force preventing a timely filing that cannot be attributed to him. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 3-4.) The exhibit referred to by petitioner is a letter to the Clerk of the U.S. District Court for the Northern District of California dated October 24, 2007, in which plaintiff wrote as follows regarding what he described as a dilemma he was presently experiencing:

> I received notice that my petition for review was denied on Sep. 25, 2007 on Oct. 1, 2007. At which time I contacted [the] Clerk of the Court - Supreme Court of California on Oct. 2, 2007 explaining said issue. I'm currently housed in administrative segregation overflow in High Desert State Prison pending transfer to another facility, due to being a victim of an assault. Problem being I don't and won't have access to my property or legal documents during this process. Causing my time constraints to continue that may cause irreparable harm to my case.
>
> I would like to know what is my recourse and is this the correct court to address? If at all possible can this be notice of my situation and be granted some type of grace period due to this? I am fighting for my liberty and I have serious federal issues in my behalf. I understand your time is limited and all I ask is to please give me any information that will aid me in my dilemma!

(Id., Ex. B.) Petitioner concludes that he tried to adhere to 28 U.S.C. § 2244 and maintains that respondent's motion to dismiss should be denied. (Id. at 3-4.)

**RESPONDENT'S REPLY**

In reply, respondent argues that, assuming equitable tolling is available, petitioner has not been pursuing his rights diligently and has not shown that some extraordinary circumstance stood in his way in filing a timely federal petition. (Resp't's Reply at 3.) First, respondent argues that petitioner waited nearly eight months after his judgment of conviction became final before he began his state post-conviction proceedings. In addition, respondent argues that, even after petitioner allegedly received his legal materials at CSP-Corcoran, he waited an additional 38 days to file the instant federal petition. Respondent notes that petitioner did not create a new statement of claims when he filed the instant federal petition. Rather, respondent contends that he simply attached to the form petition a copy of his state petition filed

4

with the California Supreme Court.  Respondent asserts that there was no reason petitioner needed 38 days to prepare and file this petition.  Had petitioner acted promptly, respondent contends, he could have filed his petition only a few days after the January 30, 2008 deadline and had an arguable basis for seeking equitable tolling.  (Id. at 4.)

Respondent also argues that petitioner has not established extraordinary circumstances justifying equitable tolling.  Specifically, respondent argues that petitioner has not demonstrated that he did not have access to his legal materials while he was housed in administrative segregation or that he could not have obtained his legal materials had he requested them. (Resp't's Reply at 4.)  In fact, respondent argues that, although petitioner was aware of the statute of limitations under AEDPA, he does not state that he sought access to his legal materials between September 11, 2007 and February 3, 2008.  While not denying that petitioner was without access to his legal materials for some period of time, respondent emphasizes that petitioner was in possession of his state court records and legal materials for most of the one year statutory period before the deadline for filing expired.  Respondent concludes that petitioner's alleged lack of access to his legal materials during a prison transfer does not warrant equitable tolling and maintains that the instant federal petition is untimely and should be dismissed.  (Id. at 5-6.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA").  AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The AEDPA's one-year statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

II. Application of § 2244(d)(1)(A)

  It is undisputed that, in 2003 a Solano County Superior Court jury convicted petitioner of first-degree residential robbery, two counts of false imprisonment by violence, and possession of a firearm by a felon and that the trial court sentenced petitioner to a term of thirty-one years and four months in state prison. On May 24, 2006, the state appellate court affirmed his conviction. That decision became final thirty days after filing. See Cal. Rules of Court 8.264 (formerly Rule 24). For purposes of § 2244(d)(1)(A), petitioner's judgment of conviction then became final on July 3, 2006, upon expiration of the ten-day period to file and serve a petition for review with the California Supreme Court. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA one-year statute of limitations period therefore began to run the following day, on July 4, 2006, and expired on July 3, 2007. Under the mailbox rule, petitioner did not file his federal habeas petition until more than eight months later, on March 10, 2008. Accordingly,

/////

petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of statutory or equitable tolling.

III. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

This court finds, as respondent concedes, that petitioner is entitled to statutory tolling for the time his habeas petitions were pending in state court. Specifically, petitioner is entitled to tolling from February 22, 2007, the date he filed his first state petition under the mailbox rule, to September 25, 2007, the date the California Supreme Court denied his final state petition. However, even taking into account this period of statutory tolling, the instant federal petition was still untimely by more than one month.

IV. Equitable Tolling

The United States Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). See also Lawrence v. Florida, 549 U.S. 327, ___, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling applies to § 2244(d)). Equitable tolling will be unavailable in most cases. See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.

7

2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  Of course, the determination of whether grounds exist for equitable tolling are highly fact dependent and often require the appropriate development of the record.  Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000); see also Roy v. Lampert, 465 F.3d 964, 973-74 (9th Cir. 2006); Mendoza v. Carey, 449 F.3d 1065, 1068-69 (9th Cir. 2006); Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002).

        The court finds respondent's argument that petitioner has failed to demonstrate he pursued his rights diligently because he waited less than eight months after his conviction became final to file a petition for writ of habeas corpus in the Solano County Superior Court to be unpersuasive.  To adopt that reasoning would turn the AEDPA's one year statute of limitations completely on its head.[2]  As noted above, petitioner alleges that while his petition before the California Supreme Court was still pending, prison officials moved him to administrative segregation after he was assaulted and then transferred him to a different prison.  Petitioner alleges that, as a result, he was denied access to all of his legal materials for a considerable period of time, preventing him from filing a timely federal petition.  If petitioner can establish that he was deprived access to his legal materials while in administrative segregation and during his transfer, he would be entitled to equitable tolling for the period of time he was denied that access through no fault of his own.  See Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) ("Because Espinoza-Matthews was denied access to his legal materials for the duration in which he was housed in Ad/Seg, we will toll the statute of limitations for that entire period[.]"); Lott, 304 F.3d at 921-24 (a petitioner who was denied access to his legal files for 82 days during two temporary transfers and obtained the return of those materials shortly before the AEDPA statute of limitations expired had encountered extraordinary circumstances sufficient to warrant equitable tolling); see also Spitsyn v. Moore,

---

[2] Apparently under respondent's rationale although the statute of limitations for filing a federal petition is one year, a petitioner should proceed much more rapidly just in case an unexpected impediment beyond his control, such as being denied access to his legal materials after he is the victim of an assault, later delays him in filing a timely petition.  That cannot be the case.

345 F.3d 796, 801 (9th Cir. 2003) (It is "unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period" without access to his legal file).

      The record already before the court, in the form of petitioner's letter to the Clerk of the U.S. District Court for the Northern District of California dated October 24, 2007, would appear to establish that as of that date he still did not have access to his legal materials.  (See Pet'r's Opp'n to Resp't's Mot. to Dismiss, Ex. B.)  Equitable tolling through that date alone would appear to render the petition before this court timely filed.  Out of an abundance of caution, however, the court will allow the parties to further develop the record in this regard. Plaintiff will be given the opportunity to file with the court a declaration signed under penalty of perjury in which he should address: (1) whether he was denied access to some or all of his legal materials during the period of time in question and how the lack of access to those materials impacted his ability to file a federal habeas petition; (2) the exact number of days he was without access to his legal files and materials as a result of his placement in administrative segregation following the assault against him and as a result of his subsequent transfer; (3) the steps he took in an attempt to obtain access to his legal materials during this period and, if he did not take such steps, why not and (4) once he regained access to his legal materials, what steps did he take to file his federal petition as quickly and diligently as possible.  Respondent will be given the opportunity to respond to petitioner's declaration.  Thereafter, the court will issue findings and recommendation with respect to the pending motion to dismiss.

## CONCLUSION

      For the reasons set forth above, IT IS HEREBY ORDERED that:

      1. Within thirty days of the date of this order, petitioner shall file a declaration with this court addressing the issues identified by the above.  Failure to file the required declaration will result in the court issuing findings and recommendations recommending that this action be dismissed as time-barred; and

2. Within fifteen days of being served with petitioner's declaration, respondent shall file a reply addressing that declaration and its impact on the court's analysis with respect to equitable tolling.

DATED: October 17, 2008.

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
monr0558.157