IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM ERIK MONROE,

    Petitioner,                    No. CIV S-08-0558 MCE DAD P

    vs.

D.G. ADAMS, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 3, 2008, the undersigned ordered respondent to file a response to the petition. On June 2, 2008, respondent moved to dismiss on the ground that petitioner filed his petition beyond the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner filed an opposition to the motion and respondent filed a timely reply. On October 20, 2008, the undersigned issued an order summarizing the parties arguments and finding that petitioner's federal habeas petition was time-barred unless he was entitled to equitable tolling of the AEDPA statute of limitations.

        Based on petitioner's allegations in his opposition to respondent's motion to dismiss, the undersigned also concluded that it appeared likely that petitioner was entitled to

1

equitable tolling. Specifically, petitioner alleged that on September 11, 2007, prison officials moved him to administrative segregation for his protection and scheduled him for transfer from High Desert State Prison to CSP-Corcoran. Petitioner explained that prison officials then collected his property and packed it pending his transfer. During this time, petitioner argued that he did not have access to any of his legal materials and could not prosecute a federal habeas action. Petitioner noted that he even informed the United States District Court for the Northern District of California that he would not be able to prosecute his habeas action due to his lack of legal materials. Petitioner explained that, although he arrived at CSP-Corcoran on January 15, 2008, he did not receive his property including his legal materials until February 3, 2008.

Out of an abundance of caution, the court ordered the parties to further develop the record with regard to petitioner's claim of entitlement to equitable tolling. The court gave petitioner the opportunity to file a declaration signed under penalty of perjury addressing: (1) whether he was denied access to some or all of his legal materials during the period of time in question and how his lack of access to those materials impacted his ability to file a federal habeas petition; (2) the exact number of days he was without access to his legal files and materials as a result of his placement in administrative segregation following the assault against him and as a result of his subsequent transfer; (3) the steps he took in an attempt to obtain access to his legal materials during this period and, if he did not take such steps, why not and (4) once he regained access to his legal materials, what steps did he take to file his federal petition as quickly and diligently as possible. The court also provided respondent with an opportunity to reply to petitioner's declaration.

In response to the court's order, petitioner has filed a timely declaration signed under penalty of perjury and respondent has filed a timely reply. In his declaration, petitioner declares that he did not have access to his legal materials from September 10, 2007, through February 3, 2008, even though he repeatedly submitted inmate requests and an inmate appeal asking for them. Petitioner further declares that his only recourse was to wait to be transferred

1 and receive all of his property and legal materials at CSP-Corcoran.  Plaintiff maintains that he
2 was without his legal material for a total of 145 days and that once he was in possession of his
3 legal materials, he sought access to the prison law library and filed his federal petition as quickly
4 and as diligently as possible.  (Pet. Decl. at 1-2.)

5 　　　　　In reply, respondent acknowledges that, if a habeas petitioner shows that he had
6 no access to his legal materials while housed in administrative segregation and that he could not
7 obtain the materials upon request, he may be entitled to equitable tolling.  Respondent's counsel
8 also states that respondent has no basis at this time for contesting the representations made in
9 petitioner's declaration and concedes that if this court grants petitioner equitable tolling for a
10 period of 145 days, petitioner's federal petition would be timely filed.

11 　　　　　As noted in the court's previous order, the United States Supreme Court has held
12 that, "a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that
13 he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in
14 his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  See also Lawrence v. Florida, 549
15 U.S. 327, ___, 127 S. Ct. 1079, 1085 (2007) (assuming without deciding that equitable tolling
16 applies to § 2244(d)).  Equitable tolling will be unavailable in most cases.  See Corjasso v.
17 Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).
18 Of course, the determination of whether grounds exist for equitable tolling are highly fact
19 dependent and often require the appropriate development of the record.  Whalem/Hunt v. Early,
20 233 F.3d 1146, 1148 (9th Cir. 2000); see also Roy v. Lampert, 465 F.3d 964, 973-74 (9th Cir.
21 2006); Mendoza v. Carey, 449 F.3d 1065, 1068-69 (9th Cir. 2006); Lott v. Mueller, 304 F.3d
22 918, 923 (9th Cir. 2002).

23 　　　　　In this case, petitioner has established that he has pursued his rights diligently
24 and that prison officials deprived him of access to his legal materials for 145 days from
25 September 10, 2007, through February 3, 2008.  For the reasons discussed herein, as well as in
26 the court's October 20, 2008 order, the court concludes that petitioner is entitled to equitable

tolling for the entire time he was denied access to his legal materials through no fault of his own, rendering petitioner's federal petition timely.  See Espinoza-Matthews v. California, 432 F.3d 1021, 1028 (9th Cir. 2005) ("Because Espinoza-Matthews was denied access to his legal materials for the duration in which he was housed in Ad/Seg, we will toll the statute of limitations for that entire period[.]"); Lott, 304 F.3d at 921-24 (a petitioner who was denied access to his legal files for 82 days during two temporary transfers and obtained the return of those materials shortly before the AEDPA statute of limitations expired had encountered extraordinary circumstances sufficient to warrant equitable tolling); see also Spitsyn v. Moore, 345 F.3d 796, 801 (9th Cir. 2003) (It is "unrealistic to expect [a habeas petitioner] to prepare and file a meaningful petition on his own within the limitations period" without access to his legal file).

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's June 2, 2008 motion to dismiss (Doc. No. 11) be denied; and

2. Respondent be directed to file an answer, together with all transcripts or other documents relevant to the determination of the issues presented in petitioner's application for a writ of habeas corpus within sixty days.  See Rule 5, Fed. R. Governing § 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties

/////

/////

/////

/////

4

are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 10, 2008.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
monr0558.157